Iᴿᴀ A. Wᴀᴛsoɴ Co. *v.* Wɪʟsoɴ *et al.*

(*Knoxville*, September Term, 1947.)

Opinion filed May 3, 1948.

Rehearing denied June 12, 1948.

Second petition for rehearing October 18, 1948.

JAMES J. GRIFFISS and CHAMBLISS, CHAMBLISS & BROWN, all of Chattanooga, for appellant.

HERBERT G. B. KING and FRED G. KOENIG, both of Chattanooga, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is an appeal coming direct to this Court from the chancery court of Hamilton County, where it was held that picketing by a union of complainant's place of business on Broad Street in Chattanooga was legal, though no labor dispute existed.

The facts are that complainant operates a store and employs eight men who lay linoleum in homes and newly constructed houses. Beginning in January, 1947, the defendant union, through its agents, began an effort to unionize complainant's employees. Negotiations were had without interference or objection on the part of complainant and resulted in the employees of complainant refusing to join the defendant union. Thereafter the picketing began, and a picket was placed at the entrance of complainant's store. This picket carried signs that Watson's Store was unfair to Carpenters Union Local No. 74, and to the Central Labor Council. Some of the employees of the complainant were followed, but

there were no acts of violence on the part of the agents of the defendant union.

Solicitors for complainant in their brief make the following question:

"Can a union peacefully picket a place of business where it has no members at all (and does not seek or hope to have any) simply for the purpose of inducing potential customers to not patronize such establishments?"

Defendant union has no employees connected with complainant's store in Chattanooga. Defendant union claims complainant is unfair to it because complainant does not employ union labor to lay the linoleum or do other work of the same nature.

The Chancellor held that the picketing activities of the defendant union were not for illegal purposes, but for beneficial purposes and by peaceful means, and that such picketing was protected by the Federal Constitution which guarantees the right of freedom of speech.

Complainant insists that since the defendant union was no longer attempting to unionize its employees, a continuation of the picket could have but one purpose, and that was to damage complainant's business.

In 1939, this Court held in *Lyle* v. *Meat Cutters & Butchers*, 174 Tenn. 222, 124 S. W. (2d) 701, that picketing of one's place of business was unlawful in the absence of a labor dispute.

In 1941, the United States Supreme Court held in *American Federation of Labor* v. *Swing*, 312 U. S. 321, 61 S. Ct. 568, 85 L. Ed. 855, that peaceful picketing is included in and a part of that freedom of speech guaranteed by the Fourteenth Amendment to the United States Constitution, and an injunction against such peaceful

picketing either pursuant to the common law or statutory policy of a state violated this provision of the Federal Constitution.

In *Milk Wagon Drivers Union* v. *Meadowmoor Dairies*, 312 U. S. 287, 61 S. Ct. 552, 555, 85 L. Ed. 836, 132 A. L. R. 1200 decided on the same day the opinion in the *Swing Case* was delivered, the Supreme Court of the United States held that ''peaceful picketing is the workingman's means of communication,'' but in that case the picketing was set in a background of violence.

''The reason most frequently advanced by the courts in justification of the blanket injunction against all picketing, where there has been past violence or other unlawful conduct, is that an injunction of such breadth is necessary to prevent future excesses and coercion, which, in the light of the past conduct, may reasonably be anticipated.'' Annotation *(Meadowmoor Dairies Case)*, 132 A. L. R. 1221.

In *Bakery & Pastry Drivers, etc.* v. *Wohl*, 315 U. S. 769, 62 S. Ct. 816, 86 L. Ed. 1178, the Supreme Court of the United States reversed the Court of Appeals of New York which had upheld an injunction against picketing. In that case the Court held that the New York courts enjoined picketing simply because there was no labor dispute between the parties to the action, and said 315 U. S. at page 774, 62 S. Ct. at page 818, 86 L. Ed. 1178:

''. . . one need not be in a 'labor dispute' as defined by state law to have a right under the Fourteenth Amendment to express a grievance in a labor matter by publication unattended by violence, coercion, or conduct otherwise unlawful or oppressive.''

As announced by the United States Supreme Court, the rule is that peaceful picketing is lawful without a

labor dispute, and supersedes our holding in the *Lyle Case, supra.*

This same rule was upheld by this Court on February 28, 1948, in *Rowe Transfer & Storage Co.* v. *International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers,* Local Union No. 621, A. F. L., 186 Tenn. 265, 209 S. W. (2d) 35 (opinion by Justice TOMLINSON), where it was held that if the union in peaceful picketing is in the exercise of its legal right and exercising that right in a legal manner, then it cannot be enjoined even though in doing so injury results to the employer.

This disposes of the matter in controversy in this cause. However, we do not see any error in the decree of the Chancellor restraining the defendant union from persuading or preventing complainant's customers, by means of intimidation or of violence or threats of violence, from trading with complainant and from wrongfully and illegally causing complainant's customers to breach existing contracts.

The assignments of error are all overruled, and the decree of the Chancellor is affirmed.

All concur.